**UNITED STATES BANKRUPTCY COURT**
**_____ DISTRICT OF VIRGINIA**
**_____ Division**

**CHAPTER 13 PLAN
AND RELATED MOTIONS**

Name of Debtor(s):                      Case No:

This plan, dated _____, is:

☐ the *first* Chapter 13 plan filed in this case.

☐ a modified plan, which replaces the plan dated _____

      Date and Time of <u>Modified Plan</u> Confirmation Hearing:
      _____
      Place of <u>Modified Plan</u> Confirmation Hearing:
      _____

The plan provisions modified by this filing are:

Creditors affected by this modification are:

**NOTICE: YOUR RIGHTS WILL BE AFFECTED. You should read these papers carefully. If you oppose any provision of this plan, or if you oppose any included motions to (i) value collateral, (ii) avoid liens, or (iii) assume or reject unexpired leases or executory contracts, you MUST file a timely written objection.**

**This plan may be confirmed and become binding, <u>and the included motions in paragraphs 3, 6, and 7 to value collateral, avoid liens, and assume or reject unexpired leases or executory contracts may be granted</u>, without further notice or hearing unless a written objection is filed not later than ten (10) days prior to the date set for the confirmation hearing and the objecting party appears at the confirmation hearing.**

The debtor(s)' schedules list assets and liabilities as follows:

    Total Assets:
    Total Non-Priority Unsecured Debt:
    Total Priority Debt:
    Total Secured Debt:

1. **Funding of Plan.** The debtor(s) propose to pay the trustee the sum of $_____ per _____ for _____ months.  Other payments to the Trustee are as follows: _____.  The total amount to be paid into the plan is $_____.

2. **Priority Creditors.**  The Trustee shall pay allowed priority claims in full unless the creditor agrees otherwise.

    A. **Administrative Claims under 11 U.S.C. § 1326.**

        1. The Trustee will be paid 10% of all sums disbursed except for funds returned to the debtor(s).
        2. Debtor(s)' attorney will be paid $_____ balance due of the total fee of $_____ concurrently with or prior to the payments to remaining creditors.

    B. **Claims under 11 U.S.C. §507.**

    The following priority creditors will be paid by deferred cash payments pro rata with other priority creditors or in monthly installments as below, except that allowed claims pursuant to 11 U.S.C. § 507(a)(1) will be paid prior to other priority creditors but concurrently with administrative claims above:

| Creditor | Type of Priority | Estimated Claim | Payment and Term |
|---|---|---|---|
| | | | |

3. **Secured Creditors and Motions to Value Collateral.**

    This paragraph provides for claims of creditors who hold debts that are secured by real or personal property of the debtor(s) but (a) are not secured solely by the debtor(s)' principal residence and (b) do not have a remaining term longer than the length of this plan.

    A. **Claims to Which § 506 Valuation is NOT Applicable.**  Claims listed in this subsection consist of debts secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor for which the debt was incurred within 910 days of the filing of the bankruptcy petition, or if the collateral for the debt is any other thing of value, the debt was incurred within 1 year of filing.  *See* § 1325(a)(5).  After confirmation of the plan, the Trustee will pay to the holder of each allowed secured claim the monthly payment in column (f) based upon the amount of the claim in column (d) with interest at the rate stated in column (e).  **Upon confirmation of the plan, the interest rate shown below will be binding unless a timely written objection to confirmation is filed and sustained by the Court.**  Payments distributed by the Trustee are subject to the availability of funds.

| (a) Creditor | (b) Collateral | (c) Purchase Date | (d) Est Claim Amt | (e) Interest Rate | (f) Monthly Paymt & Estimate Term** |
|---|---|---|---|---|---|
| | | | | | |

    B. **Claims to Which §506 Valuation is Applicable.**  Claims listed in this subsection consist of any claims secured by personal property not described in Plan paragraph 3.A.  After confirmation of the plan, the Trustee will pay to the holder of each allowed secured claim the monthly payment in column (f) based upon the replacement value as stated in column (d) or the amount of the claim, whichever is less, with interest at the rate stated in column (e).  The portion of any allowed claim that exceeds the value indicated below will be treated as an unsecured claim.  **Upon confirmation of the plan, the valuation and interest rate shown below will be binding unless a timely written**

**objection to confirmation is filed and sustained by the Court**. Payments distributed by the Trustee are subject to the availability of funds.

| (a) | (b) | (c) | (d) | (e) | (f) |
|---|---|---|---|---|---|
| Creditor | Collateral | Purchase Date | Replacement Value | Interest Rate | Monthly Paymt & Estimate Term** |

**** THE MONTHLY PAYMENT STATED HERE SHALL BE THE ADEQUATE PROTECTION PAYMENTS PURSUANT TO 1326(a)(1)(C) TO THESE CREDITORS UNLESS OTHERWISE PROVIDED IN PARAGRAPH 11 OR BY SEPARATE ORDER OF THE COURT.**

    **C.**   **Collateral to be surrendered.** Upon confirmation of the plan, or before, the debtor will surrender his or her interest in the collateral securing the claims of the following creditors in satisfaction of the secured portion of such creditors' allowed claims. To the extent that the collateral does not satisfy the claim, any timely filed deficiency claim to which the creditor is entitled shall be paid as a non-priority unsecured claim. The order confirming the plan shall have the effect of terminating the automatic stay as to the collateral surrendered.

| Creditor | Collateral Description | Estimated Total Claim | Full Satisfaction (Y/N) |
|---|---|---|---|

**4. Unsecured Claims.**

    **A.**   **Not separately classified**. Allowed non-priority unsecured claims shall be paid pro rata from any distribution remaining after disbursement to allowed secured and priority claims. Estimated distribution is approximately _____ %. If this case were liquidated under Chapter 7, the debtor(s) estimate unsecured creditors would receive a dividend of approximately _____ %.

    **B.**   **Separately classified unsecured claims**.

| Creditor | Basis for Classification | Treatment |
|---|---|---|

**5. Long Term Debts and Claims Secured by the Debtor(s)' Primary Residence.**

Creditors listed below are either secured by the debtor(s)' principal residence or hold a debt the term of which extends beyond the term of this plan.

    **A.**   **Debtor(s) to pay claim directly**. The creditors listed below will be paid by the debtor(s) pursuant to the contract without modification, except that arrearages, if any, will be paid by the Trustee either pro rata with other secured claims or on a fixed monthly basis as indicated below.

| Creditor | Collateral | Regular Contract Payment | Estimated Arrearage | Interest Rate | Estimated Cure Period | Monthly Arrearage Payment |
|---|---|---|---|---|---|---|

- B. **Trustee to pay the contract payments and the arrearages**. The creditors listed below will be paid by the Trustee the regular contract monthly payments during the term of this plan. The arrearage claims, if any, will be cured by the Trustee by payments made either pro rata with other secured claims or by fixed monthly payments as indicated below.

| Creditor | Collateral | Regular Contract Payment | Estimated Arrearage | Interest Rate | Term for Arrearage | Monthly payment |
|---|---|---|---|---|---|---|
| | | | | | | |

6. **Executory Contracts and Unexpired Leases.** The debtor(s) move for assumption or rejection of the executory contracts and leases listed below.

- A. **Executory contracts and unexpired leases to be rejected.** The debtor(s) reject the following executory contracts.

| Creditor | Type of Contract |
|---|---|
| | |

- B. **Executory contracts and unexpired leases to be assumed.** The debtor(s) assume the following executory contracts. The debtor agrees to abide by all terms of the agreement. The Trustee will pay the pre-petition arrearages, if any, through payments made pro rata with other priority claims or on a fixed monthly basis as indicated below.

| Creditor | Type of Contract | Arrearage | Monthly Payment for arrears | Estimated cure period |
|---|---|---|---|---|
| | | | | |

7. **Motions to Avoid Liens.**

- A. **The debtor(s) move to avoid liens pursuant to 11 U.S.C. § 522(f)**. The debtor(s) move to avoid the following judicial liens and non-possessory, non-purchase money liens that impair the debtor(s)' exemptions. **Unless a written objection is timely filed with the Court, the Court may grant the debtor(s)' motion and cancel the creditor's lien.** If an objection is filed, the Court will hear evidence and rule on the motion at the confirmation hearing.

| Creditor | Collateral | Exemption Basis | Exemption amount | Value of Collateral |
|---|---|---|---|---|
| | | | | |

- B. **Avoidance of security interests or liens on grounds other than 11 U.S.C. § 522(f)**. The debtor(s) have filed or will file and serve separate pleadings to avoid the following liens or security interests. The creditor should review the notice or summons accompanying such pleadings as to the requirements for opposing such relief. The listing here is for information purposes only.

| Creditor | Type of Lien | Description of Collateral | Basis for Avoidance |
| --- | --- | --- | --- |

8. **Treatment of Claims.**

    - All creditors must timely file a proof of claim to receive payment from the Trustee.
    - If a claim is scheduled as unsecured and the creditor files a claim alleging the claim is secured but does not timely object to confirmation of the plan, the creditor may be treated as unsecured for purposes of distribution under the plan. This paragraph does not limit the right of the creditor to enforce its lien, to the extent not avoided or provided for in this case, after the debtor(s) receive a discharge.
    - If a claim is listed in the plan as secured and the creditor files a proof of claim alleging the claim is unsecured, the creditor will be treated as unsecured for purposes of distribution under the plan.

9. **Vesting of Property of the Estate.** Property of the estate shall revest in the debtor(s) upon confirmation of the plan. Notwithstanding such vesting, the debtor(s) may not sell, refinance, or encumber real property without approval of the court.

10. **Incurrence of indebtedness.** During the term of the plan, the debtor(s) shall not voluntarily incur additional indebtedness in an amount exceeding $5,000 without approval of the court.

11. **Other provisions of this plan:**

**Signatures:**

Dated: _____

_____        _____
**Debtor**                                                    **Debtor's Attorney**

_____
**Joint Debtor**


**Exhibits:**   Copy of Debtor(s)' Budget (Schedules I and J);
                Matrix of Parties Served with plan

Certificate of Service

    I certify that on _____, I mailed a copy of the foregoing to the creditors and parties in interest on the attached Service List.

                                                        _____
                                                        Signature

                                                        _____
                                                        Address

                                                        _____
                                                       Telephone No.

Ver. 06/28/06  [effective 09/01/06]

B6I (Official Form 6I) (12/07)

IN RE **Zullo, Steven J & Zullo, Virginia Carver**      Case No. **09-13497-SSM**
                 Debtor(s)                                                           (If known)

# SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by every married debtor, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. Do not state the name of any minor child. The average monthly income calculated on this form may differ from the current monthly income calculated on From 22A, 22B, or 22C.

| Debtor's Marital Status | DEPENDENTS OF DEBTOR AND SPOUSE | |
|---|---|---|
| **Married** | RELATIONSHIP(S): **See Schedule Attached** | AGE(S): |

| EMPLOYMENT: | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | | |
| Name of Employer | **NIH** | |
| How long employed | **5 years and 2 months** | |
| Address of Employer | **6701 Rockledge Dr.** **Bethesda, MD 20892** | |

**INCOME:** (Estimate of average or projected monthly income at time case filed)      DEBTOR      SPOUSE

1. Current monthly gross wages, salary, and commissions (prorate if not paid monthly)    $ **10,238.80**   $ _____
2. Estimated monthly overtime    $ _____   $ _____
3. **SUBTOTAL**    $ **10,238.80**   $ **0.00**
4. **LESS PAYROLL DEDUCTIONS**
     a. Payroll taxes and Social Security    $ **1,908.38**   $ _____
     b. Insurance    $ **506.96**   $ _____
     c. Union dues    $ _____   $ _____
     d. Other (specify)   **See Schedule Attached**    $ **604.67**   $ _____
        $ _____   $ _____
5. **SUBTOTAL OF PAYROLL DEDUCTIONS**    $ **3,020.01**   $ **0.00**
6. **TOTAL NET MONTHLY TAKE HOME PAY**    $ **7,218.79**   $ **0.00**
7. Regular income from operation of business or profession or farm (attach detailed statement)    $ _____   $ _____
8. Income from real property    $ _____   $ _____
9. Interest and dividends    $ _____   $ _____
10. Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above    $ _____   $ _____
11. Social Security or other government assistance
     (Specify) _____    $ _____   $ _____
     _____    $ _____   $ _____
12. Pension or retirement income    $ _____   $ _____
13. Other monthly income
     (Specify) _____    $ _____   $ _____
     _____    $ _____   $ _____
     _____    $ _____   $ _____

14. **SUBTOTAL OF LINES 7 THROUGH 13**    $ _____   $ _____
15. **AVERAGE MONTHLY INCOME** (Add amounts shown on lines 6 and 14)    $ **7,218.79**   $ **0.00**

16. **COMBINED AVERAGE MONTHLY INCOME**: (Combine column totals from line 15; if there is only one debtor repeat total reported on line 15)    $ **7,218.79**

(Report also on Summary of Schedules and, if applicable, on Statistical Summary of Certain Liabilities and Related Data)

17. Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document:
**None**

© 1993-2009 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

IN RE **Zullo, Steven J & Zullo, Virginia Carver**     Case No. **09-13497-SSM**
Debtor(s)

# SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)
## Continuation Sheet - Page 1 of 1

| DEPENDENTS: | RELATIONSHIP | AGE |
|---|---|---|
| | **Daughter** | **1 mo.** |
| | **Daughter** | **1 mo** |
| | **Son** | **10** |
| | **Son** | **6** |
| | **Daughter** | **12** |
| | **Daughter** | **3** |

| | DEBTOR | SPOUSE |
|---|---|---|
| Other Payroll Deductions: | | |
| **FERS** | **81.90** | |
| **Charity** | **10.83** | |
| **TSP** | **511.94** | |

© 1993-2009 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B6J (Official Form 6J) (12/07)

IN RE **Zullo, Steven J & Zullo, Virginia Carver**                                        Case No. **09-13497-SSM**
                                              Debtor(s)                                                                        (If known)

# SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

Complete this schedule by estimating the average or projected monthly expenses of the debtor and the debtor's family at time case filed. Prorate any payments made biweekly, quarterly, semi-annually, or annually to show monthly rate. The average monthly expenses calculated on this form may differ from the deductions from income allowed on Form22A or 22C.

☐ Check this box if a joint petition is filed and debtor's spouse maintains a separate household. Complete a separate schedule of expenditures labeled "Spouse."

| | |
|---|---:|
| 1. Rent or home mortgage payment (include lot rented for mobile home) | $ 2,469.34 |
|     a. Are real estate taxes included?   Yes ___ No ✓ | |
|     b. Is property insurance included?   Yes ___ No ✓ | |
| 2. Utilities: | |
|     a. Electricity and heating fuel | $ 220.00 |
|     b. Water and sewer | $ 50.00 |
|     c. Telephone | $ 260.00 |
|     d. Other _____ | $ _____ |
| | $ _____ |
| 3. Home maintenance (repairs and upkeep) | $ 100.00 |
| 4. Food | $ 800.00 |
| 5. Clothing | $ 100.00 |
| 6. Laundry and dry cleaning | $ 10.00 |
| 7. Medical and dental expenses | $ 150.00 |
| 8. Transportation (not including car payments) | $ 300.00 |
| 9. Recreation, clubs and entertainment, newspapers, magazines, etc. | $ 100.00 |
| 10. Charitable contributions | $ _____ |
| 11. Insurance (not deducted from wages or included in home mortgage payments) | |
|     a. Homeowner's or renter's | $ 62.75 |
|     b. Life | $ 97.00 |
|     c. Health | $ _____ |
|     d. Auto | $ 154.34 |
|     e. Other _____ | $ _____ |
| | $ _____ |
| 12. Taxes (not deducted from wages or included in home mortgage payments) | |
|     (Specify) **Real Estate Taxes** | $ 626.40 |
|     **Car Tax** | $ 35.00 |
| 13. Installment payments: (in chapter 11, 12 and 13 cases, do not list payments to be included in the plan) | |
|     a. Auto | $ _____ |
|     b. Other **Student Loan** | $ 82.00 |
| | $ _____ |
| 14. Alimony, maintenance, and support paid to others | $ _____ |
| 15. Payments for support of additional dependents not living at your home | $ _____ |
| 16. Regular expenses from operation of business, profession, or farm (attach detailed statement) | $ _____ |
| 17. Other **Diapers And Baby Expenses** | $ 100.00 |
| | $ _____ |
| | $ _____ |

**18. AVERAGE MONTHLY EXPENSES** (Total lines 1-17. Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data. | $ **5,716.83** |

19. Describe any increase or decrease in expenditures anticipated to occur within the year following the filing of this document:
**None**

**20. STATEMENT OF MONTHLY NET INCOME**
| | |
|---|---:|
|     a. Average monthly income from Line 15 of Schedule I | $ 7,218.79 |
|     b. Average monthly expenses from Line 18 above | $ 5,716.83 |
|     c. Monthly net income (a. minus b.) | $ 1,501.96 |

© 1993-2009 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

Chase
PO Box 15153
Wilmington, DE 19850-5153

City of Falls Church
300 Park Ave. #103E
Falls Church, VA 22046

Citi Cards
PO Box 6062
Sioux Falls, SD 57117-6062

Citi-ATT Universal Visa
PO Box 44167
Jacksonville, FL 32231-4167

Comstar Credit Union
22601-A Gateway Center Dr.
Clarksburg, MD 20871-2002

EMC Mortgage Corp.
PO Box 669753
Dallas, TX 75266-0753

Rosenberg & Associates, LLC
7910 Woodmont Ave., Ste.750
Bethesda, MD 20814-7071

Sallie Mae
PO Box 9500
Wilkes Barre, PA 18773-9500

Commonwealth Trustees, LLC
6878 Fleetwood Rd., Ste D
McLean, VA 22101-3618

NIH FCU
PO Box 6475
Rockville, MD 20849

Thomas P. Gorman, Trustee (by CM/ECF)
300 N. Washington St. Ste. 400
Alexandria, VA 22314-2530