UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA

ALEXANDRIA DIVISION

In re )
)
Steven J Zullo and )
Virginia Carver Zullo )
) Case No. 09-13497-SSM
Debtors. ) Chapter 13
_____)

**RESPONSE OF DEBTORS' TO TRUSTEE'S OBJECTION TO CONFIRMATION**

COME NOW the Debtors, Steven J Zullo and Virginia Carver Zullo, by counsel, and respond as follows to the Trustee's objection to confirmation.

THE PLAN IS PROPOSED IN GOOD FAITH

1. The plan is proposed in good faith. The Debtors are paying all disposable income to the plan for 52 months, longer than the required 36. Good faith requires no minimum payment to unsecured creditors, *Deans v. O'Donnell,* 692 F.2d 968 (4th Cir.1982), *In re Liggins,* 145 B.R. 227, 230 (Bankr. E.D.Va. 1992), nor that the plan extend longer than the 3 year applicable commitment period, and while a 52 month plan is necessary to cure the deficiency on the Debtor's mortgage, there is no requirement to continue for an additional 8 months. "The time limit provisions of § 1322(d) — and the ability to extend a Chapter 13 plan beyond 36

Daniel M. Press, VSB# 37123
Chung & Press, P.C.
6718 Whittier Ave., Suite 200
McLean, Virginia 22101
(703) 734-3800
Counsel for Debtor

months — are provisions enacted for the debtor's benefit. To *require* the Chapter 13 debtor to extend his plan beyond the three year minimum period in order to create a cache of payments much larger than the debtor's current liquidated asset value — ostensibly for the creditors' sole benefit — would thwart the statutory requirements and intent of Chapter 13." In re Martin, 189 B.R. 619 (Bankr. E.D.Va., 1995).

2. Avoiding a second deed of trust is certainly not bad faith, and the fact that doing so is necessary does not result in the plan being in bad faith, no matter what the payment to unsecured creditors.

3. Indeed the payment to unsecured creditors is small, but there is simply no requirement to pay more.

TREATMENT OF STUDENT LOANS AS LONG TERM DEBT IS ALLOWABLE

4. The Trustee objects to paying the Debtor's student loan "outside the plan," contending that this violates Code § 1322(a)(3), but that section is inapplicable as the student loan is separately classified. Presumably, the trustee's objection is under § 1322(b)(1), an assertion that such separate classification discriminates unfairly. That is not, however, the case. Here, the student loan is treated as long term debt under § 1322(b)(5), a separate classification expressly allowed by the Code, and therefore by definition not unfair. See In re Truss, 404 B.R. 329 (Bankr. E.D. Wis., 2009); In re Cox, 186 B.R. 744, 746 (Bankr.N.D.Fla.1995); In re Benner, 156 B.R. 631, 634 (Bankr.D.Minn.1993); In re Sullivan, 195 B.R. 649 (Bankr. W.D. Tex., 1996); In re Saulter, 133 B.R. 148

(Bankr. W.D. Mo., 1991); In re Hanson, 310 B.R. 131 (Bankr.W.D.Wis. 2004); Cf. In re Delauder, 189 B.R. 639 (Bankr. E.D.Va., 1995) (long term debt may be separately classified; In re Bradley, 109 B.R. 182 (Bankr. E.D.Va., 1990) (same).

Dated: July 8, 2009.

Respectfully submitted,

/s/Daniel M. Press
Daniel M. Press, VSB# 37123
CHUNG & PRESS, P.C.
6718 Whittier Avenue, Suite 200
McLean, Virginia 22101
(703) 734-3800

CERTIFICATE OF SERVICE

This is to certify that on this 8th day of July, 2009, I caused the foregoing Response to be served by CM/ECF, where available, or first-class mail, postage pre-paid, upon the Chapter 13 Trustee, the Office of the U.S. Trustee, and all creditors having requested notice.

/s/Daniel M. Press
Daniel M. Press